## Gamble *et al. versus* McClure.

1. The title of land being in the wife, an exchange was agreed to be made with W.; he and the husband (with the wife) made deeds of bargain and sale of the same date and for the same amount of consideration, to each other, the wife not *acknowledging* the deed. After the death of the husband and wife, the heirs of the wife recovered her land from D., the grantee of W. *Held*, that the devisees of D. could not, on the ground of failure of title in the land conveyed to W., recover the land conveyed by him.

2. In a technical exchange of lands, the law annexes an actual warranty with a condition of re-entry on the failure of title of the land exchanged: and the party evicted can recover back the land given in exchange.

3. To produce this effect it is absolutely necessary the word "*exchange*" should be used. No other equivalent word can supply its place.

4. Where an exchange is effected by deeds of bargain and sale, the remedy of the party evicted is for damages on his covenants of warranty.

5. A parol agreement for exchange consummated by deed of bargain and sale, will not establish an exchange, so as to enable one of the parties on eviction to recover back his land.

October 2d 1872.  Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county :* No. 136, to October and November Term 1869.

This was an action of ejectment by Harriet Gamble, J. N. Gamble and J. H. Gamble against Francis McClure, commenced June 4th 1864, for a tract of 275 acres of land in Mifflin township.

Alexander McClure, by his will dated February 24th, 1803, devised to his daughter Margaret McClure, the wife of Francis McClure, one-half of a tract of land in Elizabeth township in the same county. William McClure then owned the tract in dispute.

On the 30th of May 1805, Francis McClure and Margaret his wife, by deed of bargain and sale for the consideration of £1000, conveyed to William McClure the tract devised to Margaret McClure. This deed was not *acknowledged* by Mrs. McClure. On the same day, William McClure, by a like deed and for the same amount of·consideration, conveyed his tract in Mifflin township to Francis McClure. On the 10th of April 1810, William McClure conveyed the land in Elizabeth township to Hezekiah Douthett. In 1844, after the death of Mrs. McClure and her husband, her heirs brought an ejectment in the District Court of Allegheny county against Douthett, and recovered the Elizabeth township tract which had been devised to Mrs. McClure. The plaintiffs in this case are devisees under the will of Douthett, and alleged that the transaction by which the tracts in Mifflin and Elizabeth townships had been conveyed to William McClure and Francis McClure respectively, although evidenced by deeds of bargain and sale, was, in fact, an *exchange*, and Douthett having been evicted under a superior title, his devisees could recover

[Gamble v. McClure.]

back the land given by his predecessor in title for the tract from which Douthett had been evicted.

On the trial, March 10th 1865, before Mellon, J., the foregoing facts appeared in evidence.

The plaintiffs offered in evidence also the record of the suit of Mrs. McClure's heirs against Douthett, containing the testimony of William McClure, who was dead, viz: ["Knew old Alexander McClure. Some time after the death of Alexander, William McClure and Francis McClure had a day appointed to divide the Stretch farm, which they held together; the men met and went part of the way round the lines of the whole tract; came along to division line between that tract and mine; they stopped, and made an exchange; agreed to make an equal exchange of property, and so there was no necessity to go any further about the division, as they had agreed to make an even exchange for a tract, on a part of which Francis McClure then lived. William gave Judge McClure that tract in place of his share in this; Francis lived on the tract he got in exchange, till his death. His son Francis has it now, living on it. I was not present when the deeds were made. Each kept possession of the land he received in exchange, and William sold what he got. Judge lived on till his death. The farm was never divided between William and his father. William worked the whole, and gave his father the sixth of the produce of the whole. Alexander and William lived in separate houses on the tract, but I know of no division between them."

Will of Francis McClure in evidence.

" Testimony closed, and it is now agreed, in open court, that the facts as above be taken as a case stated, on which the court may enter such verdict as they shall be of opinion ought to have been rendered by the jury, with leave to either party to take a writ of error, as upon special verdict.

Agreed, Coram
R. C. GRIER."]

The court rejected the evidence and sealed a bill of exceptions.

On the condition of the case as above stated, the court ordered a nonsuit.

The plaintiffs removed the case to the Supreme Court, and assigned the judgment of nonsuit for error.

J. R. Large, for plaintiffs in error.—Facts agreed to in a case stated must be taken as admitted: 1 Greenleaf on Evidence, §§ 205–207, 223–227.

R. Woods, for defendant in error, cited McClure v. Douthett, 3 Barr 446; s. c. 6 Barr 414.

The opinion of the court was delivered, October 16th, 1871, by
SHARSWOOD, J.—It appears from the brief abstract of title given
in the paper-book of the plaintiff in error, that Alexander McClure
being seised in fee simple of a farm in Elizabeth township,
Allegheny county, by his will, dated February 24th 1803, devised
the same to his daughter Margaret, the wife of Francis McClure.
William McClure was the owner of a tract of land in Mifflin township.
It would seem to have been agreed between Francis and William
McClure to make an equal exchange of their properties, and, in
pursuance of that agreement, on the 30th of May 1805, mutual
deeds of bargain and·sale—each expressed to be in consideration
of one thousand pounds—were executed.   William McClure con-
veyed the land in Mifflin township to Francis McClure, and Francis
McClure and Margaret, his wife, conveyed the land in Elizabeth
township to William McClure.   Margaret McClure, in whom the
title in fee-simple, as we have seen, was vested, though she exe-
cuted the deed, did not acknowledge it according to the Act of
Assembly of February 24th 1770, 1 Sm. Laws 307; so that her
interest did not pass.   In consequence of which, after the death
of Francis and Margaret McClure, an action of ejectment was
instituted by the heirs at law of Margaret against Hezekiah
Douthett et al., claiming under William McClure, for the tract in
Elizabeth township.   That case was twice in this court by writs
of error to the District Court, and is reported in 3 Barr 446, and
6 Id. 414.   The final judgment was in favor of the heirs of Mar-
garet, and the defendants were evicted from the premises.   The
plaintiffs in the present ejectment derive their title to the tract
thus evicted from William McClure through the defendants in the
former suit; and this action was instituted in the court below to
recover the tract of land in Mifflin township conveyed by William
McClure to Francis McClure.   Who the defendant below, Francis
McClure is, and how he derived title from Francis McClure the
original grantee, the paper-book does not inform us.   We may
assume that he is one of his descendants.   Undoubtedly where
there is a technical exchange of lands the law annexes not a mere
implied covenant of warranty, but an actual warranty with a con-
dition of re-entry, so that if the title to either tract of land turns
out to be bad, and the party or his assigns should be afterwards
evicted, he or they can recover back the other tract of land which
was given in exchange.   But to produce this legal consequence it
is absolutely necessary that the word exchange—*excambium*—
should be used.   No other word can supply its place, however
equivalent in signification.   Co. Litt. 50 b, 51 b, 384 a.   It has
resulted from this old and well established rule of law that technical
exchanges have been entirely abandoned in modern conveyancing,
both English and American.   The reason is obvious.   It imposes
on a purchaser of either tract the burden and risk of examining

[Gamble *v.* McClure.]

and being satisfied with not only the title of the land which he purchases but also that of the other tract which was exchanged for it. Hence mutual deeds of bargain and sale with the usual covenants of title are always preferred and adopted. Under these deeds the remedy of either party in case of eviction, is not re-entry upon the land given in exchange, but an action on the covenants to recover his legal damage from the covenantor or his estate.

It is clear then that the plaintiff had no title at law to the tract of land in Mifflin township, for which this ejectment was brought. Nor would the depositions of the witnesses, taken on the former trial for the land in Elizabeth township, supposing them to have been competent evidence in this action, nor the facts therein stated, supposing them to have been agreed to as a case stated by them, who were privies in title with the parties here, have been of any advantage to the plaintiffs. They proved indeed a parol agreement, to make an equal exchange of the respective parcels of land in question, but that agreement was consummated, not by a deed of exchange, but by mutual deeds of bargain and sale, each expressed to be for a pecuniary consideration.

Nor is it easy to perceive what equity the plaintiffs have to recover the land in Mifflin. Their remedy, and their sole remedy is upon their covenants of title. No offer was made to show any fraud or mistake, that might lead to a reform of the deeds which were actually executed. The parties were advised and rightly advised to make the exchange in the manner they did, by mutual deeds of bargain and sale, in order to avoid that perpetual cloud, which would have rested upon the title of both tracts, if they had executed a technical deed of exchange. We cannot of course inquire here whether there might not possibly have been an equity in the former action to resist a recovery by the heirs of Margaret McClure of the tract in Elizabeth township, if those heirs were at the same time the heirs of Francis McClure, and had inherited from him the land in Mifflin without at least a reconveyance of the land in Mifflin. No such equity seems to have been set up in that suit, or if it was, it did not avail the defendants. It is too clear for argument that it gave the plaintiffs no equitable title to recover the land in Mifflin township which is the subject of the present ejectment.

Judgment affirmed.